*395 OPINION OF THE COURT
Robert C. Williams, J.
This proceeding is brought pursuant to CPLR article 78 to review a determination of respondents which found petitioner guilty of violating certain disciplinary rules.
Petitioner, Robert Tumminia, is an inmate at Sullivan County Correctional Facility. On June 3, 1987, an altercation took place between the petitioner and several correction officers which resulted in a misbehavior report being filed that same day. The report charged the petitioner with eight disciplinary rules violations.
A Superintendent’s hearing on the charges against petitioner was commenced on June 8, 1987 with Deputy Superintendent E. Edwards as the Hearing Officer. Early on in the course of the hearing, immediately after he received the petitioner’s pleas on each of the eight charges against him, the Hearing Officer stated, "Okay now. You have to convince me that you’re not guilty.” Petitioner was allowed to call several witnesses and question them through the Hearing Officer, either in person or by phone-intercom. No witness was denied to petitioner. At the close of the hearing, the petitioner was found guilty of all eight charges.
The petitioner urges the court to annul the determination of the Superintendent’s hearing on four grounds.
Petitioner alleges that lawful procedure was violated because two witnesses interviewed during the hearing were questioned by phone and thus did not testify in the petitioner’s presence. It is clear from the record that the petitioner was able to hear the testimony of the two witnesses and, in fact, posed questions to them through the Hearing Officer. The petitioner had a complete opportunity to confront these witnesses, examine them, and refute their testimony. This is in compliance with proper procedure (7 NYCRR 254.5 [b]).
Petitioner also contends that the respondents failed to promulgate, publish, and post the specific range of sanctions for each rule violation as required by Correction Law § 138 (3). However, section 138 (3) does not apply to this case. The petitioner was charged with violation of State-wide disciplinary rules, and section 138 (3) applies to local facility rules. No allegations have been made that the petitioner did not receive notice of these State-wide rules or of the range of sanctions imposed for their violation. Whether or not the respondents have complied with section 138 (3) is irrelevant to *396 this case (see, e.g., Matter of Saunders v Smith, 99 AD2d 671 [4th Dept 1984]).
With respect to petitioner’s allegation that he was unfairly-found guilty of eight different rule violations, and that these charges were duplicative in nature, the court finds it unpersuasive.
While it is true that the violations charged stemmed from the same incident, there appears from the record to be a sufficient factual basis to support each of the violations charged against the petitioner. These charges represent petitioner’s conduct on a series of exchanges between himself and the correction officers involved, not one action on the part of the petitioner. The charges vary in severity and type, as did the .petitioner’s alleged conduct. Therefore, the charges were not unfairly duplicative.
Finally, the petitioner raises the issue of bias on the part of the Hearing Officer, and that the Hearing Officer improperly shifted the burden of proof to the petitioner at the Superintendent’s hearing by stating, "Okay now. You have to convince me that you’re not guilty.”
The respondents’ position is that since the misbehavior report by itself constituted substantial evidence in the case, it was proper for the Hearing Officer to "note that the burden of persuasion was on [the] petitioner”. The respondents rely on People ex rel. Vega v Smith (66 NY2d 130 [1985]) as having bearing on this issue.
The court agrees with the petitioner that the Vega case (supra) is not dispositive because it does not deal with the issues of impartiality or burdens of proof. The issue in this case is not (as it is in People ex rel. Vega v Smith) whether substantial evidence existed to support the findings of the Hearing Officer, rather, it is whether the Hearing Officer was impartial.
The State Administrative Procedure Act requires that presiding officers who hold adjudicatory hearings with respect to those agencies governed by the Act conduct the hearings in an impartial manner (State Administrative Procedure Act § 303). The regulations governing correctional institutions Superintendents’ hearings similarly require an impartial Hearing Officer (7 NYCRR 253.1, 254.1).
The initial burden of proof was clearly on the facility which filed the misbehavior report (State Administrative Procedure Act § 306 [1]). While the court recognizes that the burden of *397 persuasion may shift throughout the course of an administrative hearing, what is troubling in this case is the apparent predisposition of the Hearing Officer.
When the Hearing Officer stated, "Okay now. You have to convince me that you’re not guilty”, he had yet to hear the testimony of the petitioner, or any of the several witnesses called in the proceeding. His remark came at' such an early point in the hearing as to raise a strong suspicion that he did not have an open mind at its inception.
Several other statements made by the Hearing Officer throughout the course of the hearing also indicate a possible bias against the petitioner. Indeed, the transcript of the hearing indicates that the Hearing Officer’s remarks and demeanor could at times be construed as advocacy for the facility’s position.
Under these circumstances, the respondents have violated the statutory requirement of the State Administrative Procedure Act § 303, as well as the regulatory provisions of 7 NYCRR 253.1 and 254.1.
The remedy chosen for this breach of statutory and regulatory requirements must be based on equitable considerations. (Matter of Allah v Lefevre, 132 AD2d 293 [3d Dept, Dec. 10, 1987, Yesawich, Jr., J.].)
It should be noted that the petitioner’s penalty included 272 days of punitive confinement to a special housing unit and that the petitioner has already been held there for over seven months. This militates in favor of expungement (see, Matter of Cunningham v LeFevre, 130 AD2d 809 [3d Dept 1987]; Matter of Vogelsang v Coombe, 105 AD2d 913 [3d Dept 1984]).
For the foregoing reasons, the petition is granted. The determination of the respondents is annulled and the respondents are directed to expunge all references to the proceeding from petitioner’s file, to release the petitioner from punitive segregation, and to restore the good behavior allowance lost.