■ In the Matter of JULIO RODRIGUEZ, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules *(see,* 7 NYCRR 270.2).

Petitioner was charged in one misbehavior report with violation of State-wide rule 104.10 (rioting) and in a second misbehavior report with violations of rules 104.10 (rioting), 107.10 (interference with an employee), 109.10 (out of place), 109.11 (leaving an assigned area without authorization) and 113.10 (possession of a weapon). The charges were based upon petitioner's activities during an inmate uprising which occurred on May 28-29, 1991 at Southport Correctional Facility in Chemung County. A Superintendent's hearing was held and petitioner was found guilty of all charges. After administrative appeal, petitioner commenced this proceeding in Supreme Court, alleging that the determination was not supported by substantial evidence and that various procedural errors require annulment. Supreme Court transferred the proceeding to this Court.

The misbehavior reports state that petitioner had been escorted to an exercise unit, the unit was subsequently found empty and petitioner was seen "participating in the takeover" and "parading around the yard with a table leg in his hand". The reports also state that "[t]he incident began when [petitioner] and 51 other inmates broke out of [exercise] units". At the hearing, the authors of the misbehavior reports testified and confirmed the information in the reports. The Hearing Officer also viewed videotapes of the incident and identified petitioner as having immediately left his pen before any tear gas was dispensed and participating in trying to break into buildings and capture hostages. This evidence provides substantial evidence to support the findings of guilt *(see, Matter of Williams v Coughlin,* 190 AD2d 883).

Petitioner also raises various procedural arguments. We find that petitioner has waived any challenge to the adequacy of the notice of the nature of the charges contained in the misbehavior reports by failing to raise the issue at his hearing *(see, Matter of Hopkins v Blum,* 58 NY2d 1011). In addition, petitioner waived the production of witnesses he had initially requested *(see, Matter of Huggins v Coughlin,* 155 AD2d 844, *affd* 76 NY2d 904). Further, the inability of the employee assistant to obtain the videotape for viewing because it was unavailable does not establish that the assistant failed to perform his duties. We also find no deprivation of petitioner's due process rights because of the failure of respondents to record a session at which several Hearing Officers viewed the videotapes and photographs of the incident *(see, Matter of Williams v Coughlin, supra).* We do find error, however, in the failure to allow petitioner or his employee assistant to view the videotapes of the incident, requiring remittal for a new hearing *(see, Matter of Hillard v Coughlin,* 187 AD2d 136). We also note that the two charges that petitioner violated rule 104.10 (rioting) involve the same actions and are duplicative *(see, Matter of Tumminia v Kuhlmann,* 139 Misc 2d 394, 396); upon remittal these charges should be combined.

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.