■ In the Matter of JUAN VARGAS, Petitioner, v WAYNE L. STRACK et al., Respondents. [632 NYS2d 972] —Proceeding pursuant to CPLR article 78 to review so much of a determination of the Commissioner of the New York State Department of Correctional Services, dated April 1, 1993, as failed to annul so much of a determination of the Superintendent of Fishkill Correctional Facility, dated January 11, 1993, as, after a hearing, found that the petitioner had violated an institutional rule against smuggling and imposed a penalty.

Adjudged that the determination is confirmed insofar as reviewed and the proceeding is dismissed on the merits, without costs or disbursements.

On December 31, 1992, an "Inmate Misbehavior Report" was filed charging the petitioner, an inmate at Fishkill Correctional Facility, with violations of that institution's rules, to wit, the possession of controlled substances and smuggling. The petitioner denied the charges. On January 11, 1993, after a hearing, at which the petitioner appeared and was apprised of all the evidence against him, the petitioner was found guilty of both charges and penalties were imposed. On April 1, 1993, the Commissioner of the New York State Department of Correctional Services (hereinafter the Commissioner) modified the January 11, 1993, determination by dismissing the charge of possession of a controlled substance and reducing the penalties.

In furtherance of his request to have the determination of January 11, 1993, annulled, the petitioner argues that the respondents violated 7 NYCRR 1010.4 and 1010.5. These sections respectively provide the procedure to be followed when contraband drugs are found and the test results therefrom are

to be used. As the charge of possession of a controlled substance was dismissed upon modification by the Commissioner, the requested relief as to that charge has already been granted. Further, the petitioner is not entitled to have the smuggling charge dismissed because smuggling is not drug-specific, i.e., 7 NYCRR 270.2 (B) (15) (i) only provides that "[i]nmates shall not smuggle or attempt to smuggle or solicit others to smuggle any item in or out of the facility or from one area to another" (see, Matter of Shakoor v Coughlin, 165 AD2d 917, 918). Therefore, the code provisions dealing with contraband drugs do not necessarily apply to a charge based on smuggling.

Additionally, the "Inmate Misbehavior Report", together with the other corroborating evidence, constituted substantial evidence of the petitioner's misconduct. To the extent that the petitioner disputed the corrections officers' statements in their reports, this presented an issue of credibility which was in the Hearing Officer's discretion to resolve (see, Matter of Oro v Keane, 211 AD2d 796). Accordingly, we find no reason to disturb the determination. Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.