■ In the Matter of ROBERT HILL, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [641 NYS2d 465] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which directed that petitioner be placed in administrative segregation.

Petitioner, a prison inmate, was placed in administrative segregation for extorting, bribing and threatening other

inmates. He challenges this determination, arguing, *inter alia*, that he was denied effective employee assistance and that the Hearing Officer failed to adequately assess the reliability of information obtained from confidential sources. Although petitioner does not raise the issue of substantial evidence, we shall nevertheless consider his claims in the interest of judicial economy since the proceeding has been transferred to this Court (*see, Matter of Harris v New York State Div. of Parole*, 211 AD2d 205, 206).

Contrary to petitioner's initial claim, the record reveals that petitioner chose an employee assistant to help him prepare for the hearing and that the assistant attempted to provide petitioner with copies of documents requested and interviewed those inmate witnesses petitioner wished to call at the hearing. In view of this, as well as petitioner's failure to demonstrate that he was prejudiced by his assistant's alleged ineffectiveness, we find petitioner's first claim to be without merit (*see, Matter of Bryant v Mann*, 199 AD2d 676).

Likewise, we reject petitioner's assertion that the Hearing Officer did not properly verify the reliability of information obtained from confidential sources. One confidential informant gave a detailed written statement regarding petitioner's activities. This statement was corroborated by testimony given by a correction officer who interviewed other confidential informants. Under these circumstances, it was not incumbent upon the Hearing Officer to personally interview the confidential informants to verify the reliability of the information (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113). We have considered petitioner's other claims and find them to be without merit.

Cardona, P. J., Mikoll, White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.