■ In the Matter of NOBLE ABIF, Appellant, v JAMES STINSON, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [647 NYS2d 584] —Spain, J. Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered June

16, 1995 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Following a disturbance among inmates at Clinton Correctional Facility in Clinton County on August 16, 1994, petitioner was charged with various disciplinary rule violations. The original employee assistant assigned to petitioner was replaced when petitioner was transferred to Great Meadow Correctional Facility in Washington County. Following a disciplinary hearing, petitioner was found guilty of violating disciplinary rules prohibiting assaults on other inmates, weapons and refusing a direct order. He commenced this CPLR article 78 proceeding to review the determination after it was administratively affirmed. Supreme Court dismissed the petition and this appeal followed. We now affirm.

Petitioner contends that he received ineffective employee assistance which hindered his ability to prepare and marshal a defense. Specifically, petitioner claims that his employee assistant failed to conduct interviews of inmates James Lewis and Robert Munnerlyn and failed to obtain their respective inmate misbehavior reports, in which petitioner claims to have a substantial interest. Petitioner objected to the quality of his employee assistance at the commencement of the hearing at which time the Hearing Officer prudently addressed each of his concerns, including his complaint that Lewis and Munnerlyn had not been interviewed. Notably, the hearing was adjourned for one day so that petitioner's objections could be resolved.

When the hearing reconvened the following day, the record reveals that petitioner was provided with, *inter alia*, Munnerlyn's written statement and was informed that, while Lewis refused to give a written statement, he did agree to testify. Notably, no further objections or requests were made by petitioner at this or any other time during the hearing. To the contrary, in response to direct inquiries by the Hearing Officer concerning his satisfaction with the steps taken to address his prior concerns, petitioner indicated that he was satisfied. Accordingly, petitioner has waived any objection to the effectiveness of his employee assistance (*see generally, Matter of Lebron v Coughlin*, 169 AD2d 859, 860, *lv denied* 78 NY2d 852).

In any event, were we to consider the merits, we would reject petitioner's claim of inadequate assistance since our review of the record belies petitioner's claims that his employee assistant did not interview Munnerlyn or Lewis, or otherwise accommodate his requests (*see, Matter of Hill v Coombe*, 227 AD2d

706, 707; *Matter of Santiago v Hoke*, 183 AD2d 978, 980, *lv denied* 80 NY2d 757). Moreover, inasmuch as Munnerlyn testified at the hearing and Lewis' testimony was waived by petitioner, petitioner has failed to show prejudice resulting from the employee assistant's alleged failures (*see, Matter of Serrano v Coughlin*, 152 AD2d 790, 792). With respect to petitioner's request for the inmate misbehavior reports, it was properly rejected as these documents were not proven to be relevant or noncumulative to the preparation of his defense (*see, Matter of Davidson v Coughlin*, 219 AD2d 843, 844, *lv denied* 87 NY2d 809; *Matter of Mabry v Coughlin*, 196 AD2d 931, *lv denied* 82 NY2d 664; *Matter of Irby v Kelly*, 161 AD2d 860).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.