■ In the Matter of CARLOS LUGO, Petitioner, v PHILIP J. COOMBE, JR., as Commissioner of Correctional Services, et al., Respondents. [659 NYS2d 795] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing petitioner, a prison inmate, was found guilty of committing arson by setting fire to his mattress and later extinguishing it. Upon denial of his administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to annul the determination.

Initially, we reject petitioner's contention that he received inadequate employee assistance. During the course of the disciplinary hearing, petitioner acknowledged that he had received all of the requested documentary evidence and, as such, any objection in this regard has been waived (*see generally, Matter of Abif v Stinson*, 231 AD2d 804, 805). Moreover, even assuming that this issue was properly before us, we would find petitioner's argument to be lacking in merit, as he failed to demonstrate that any prejudice resulted from the alleged deficiencies in the assistance that he received (*see, Matter of Ventimiglia v Coombe*, 233 AD2d 610, 611).

Similarly unavailing is petitioner's claim that the misbehavior report was defective. Assuming, without deciding, that this issue has been preserved for our review (*see generally, Matter of Rodriguez v Coughlin*, 190 AD2d 919, 920 [failure to raise issue at hearing constitutes waiver]), the alleged defect with respect to the time of the fire did not deprive petitioner of notice of the charge against him or of the opportunity to prepare a defense (*see generally, Matter of Torres v Coombe*, 234 AD2d 710).

Finally, we find no merit to petitioner's assertion that the Hearing Officer was biased, as our review of the record reveals that the hearing was conducted in a fair and impartial manner. Petitioner's remaining contentions, including his assertion that the intermittent gaps in the hearing transcript and the

Hearing Officer's denial of his request to call a particular witness mandate annulment, have been examined and found to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.