■ In the Matter of CARLOS GUTIERREZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [742 NYS2d 410] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules which prohibit possession of controlled substances and smuggling controlled substances into a correctional facility. Evidence presented at petitioner's disciplinary hearing, including the misbehavior report and testimony given by the reporting correction officer, established that when an envelope marked "unclaimed" was returned to the facility's mailroom, it was opened and found to contain a homemade greeting card and two $50 bills. The envelope was addressed to petitioner's wife and bore the return address of an inmate at the facility who subsequently denied having sent it. The handwriting on the envelope matched petitioner's. The officer further testified that in the course of his investigation, he interviewed certain inmates who stated that they and several other inmates were in the habit of sending money to petitioner's spouse to pay for narcotics which were smuggled into the facility. The interviews with the other inmates were recorded and submitted to the Hearing Officer on a tape which was kept confidential. Petitioner gave contrary testimony, stating that the payments sent to his spouse were for pictures which he painted at the request of other inmates. He denied ever having been involved in the sale of controlled substances.

The misbehavior report, the corroborating testimony of the reporting officer and the statements contained in the confidential tape are sufficient to constitute substantial evidence of

petitioner's guilt (*see, Matter of Sanchez v Goord*, 290 AD2d 623; *Matter of Vargas v Strack*, 220 AD2d 675). Petitioner's testimony that the money sent to his wife was for his artwork presented an issue of credibility for resolution by the Hearing Officer (*see, Matter of Roman v Selsky*, 270 AD2d 519; *Matter of Davis v Selsky*, 270 AD2d 548). His assertion that the Hearing Officer did not sufficiently assess the credibility of the confidential witnesses interviewed by the reporting officer is unfounded inasmuch as the Hearing Officer personally reviewed the confidential tape and determined, based on the nature and specificity of the information given, that it contained credible evidence (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 117-123; *Matter of Hill v Coombe*, 227 AD2d 706, 707). Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.