■ In the Matter of TRACY BANKSTON, Petitioner, v DONALD SELSKY, as Director of the Special Housing Unit and Disciplinary Program, Respondent. [754 NYS2d 442] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services

which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting inmates from smuggling and stealing state property after an investigation led to disciplinary charges alleging that he had stolen a substantial number of postage stamps from the commissary, some of which he attempted to mail to his sister to be exchanged for cash. Substantial evidence of petitioner's guilt was presented at his disciplinary hearing in the form of the misbehavior report, the testimony of the reporting correction officer and the confidential investigative report that was based upon the investigating officer's interviews with certain confidential informants (*see Matter of Burgess v Goord*, 295 AD2d 722, 723; *Matter of Salahuddin v Selsky*, 293 AD2d 900, *lv denied* 98 NY2d 614). The officer testified that after the reported theft of 4,200 postage stamps, he obtained information from confidential sources that petitioner was the perpetrator of the theft. This information then led to the discovery of a number of stamps in an envelope that had been hidden under a mattress in the cell next to petitioner's cell. The envelope was addressed to petitioner's sister and contained a cover letter in which she was requested to "cash them in for me." Petitioner admitted in his hearing testimony that he had been working in the commissary on the night when the stamps were reported missing and he further admitted to being the author of the letter to his sister. Petitioner denied having stolen the postage stamps, however, explaining that he had been referring in his letter to certain food stamps that he wanted his sister to trade in for a refund.

We reject petitioner's contention that the Hearing Officer was required to conduct personal interviews with the confidential informants to assess their credibility. Our in camera review of the confidential information relied upon by the Hearing Officer discloses an internal coherence and consistency, together with confirmation by independent evidence, that was sufficient to permit the Hearing Officer to independently assess its reliability (*see Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123). Petitioner's testimony, in which he avowed his innocence of the charged misconduct, presented an issue of credibility for resolution by the Hearing Officer (*see Matter of Herrera-Martinez v Selsky*, 294 AD2d 633, 634; *Matter of Gutierrez v Selsky*, 294 AD2d 641, 642). The remaining contentions raised herein have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.