■ In the Matter of JAMES BURGESS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [854 NYS2d 826]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with engaging in lewd conduct and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. That determination was administratively affirmed and this CPLR article 78 proceeding seeking annulment ensued.

As an initial matter, we note that Supreme Court improperly transferred this proceeding to this Court on substantial evidence grounds inasmuch as the petition appears to assert only procedural issues (*see Matter of Vaughn v Selsky*, 276 AD2d 958, 958 [2000], *appeal dismissed* 96 NY2d 753 [2001]). That notwithstanding, we will retain jurisdiction and address the merits of the petition in the interest of judicial economy (*see id.*).

Petitioner is not entitled to annulment based upon the inadequacy of his employee assistant. The assistant should have attempted to interview the witnesses that petitioner requested and reported back with the results of those efforts (*see* 7 NYCRR 251-4.2). Despite the assistant's failure to comply with this duty, the requested inmate witness testified at the hearing that he had no relevant knowledge and the employee requested by petitioner was not a witness to the event and his testimony was excluded as irrelevant. Finally, petitioner received a copy of the document that was relevant to the occurrence. As petitioner did not show any prejudice resulting from his assistant's failure to comply with the regulation, his argument does not require reversal (*see Matter of Abif v Stinson*, 231 AD2d 804, 806 [1996]; *Matter of Serrano v Coughlin*, 152 AD2d 790, 792 [1989]).

The record does not support petitioner's contention that the Hearing Officer failed to conduct a fair and impartial hearing, or that the determination flowed from any purported bias (*see Matter of Parkinson v Selsky*, 45 AD3d 1079, 1080 [2007]). Petitioner's remaining claims have been examined and found to be without merit.

Cardona, P.J., Mercure, Carpinello, Kane and Malone Jr., JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.