■ In the Matter of RASHAD REID, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [915 NYS2d 390]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered May 24, 2010 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

During a search of petitioner's prison cell, correction officers discovered, as relevant here, a photograph album containing pictures of various inmates appearing to display gang hand signals. As a result, petitioner was issued a misbehavior report and, following a tier III disciplinary hearing, was found guilty of possessing unauthorized organizational material. That determination was administratively affirmed and petitioner thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and this appeal ensued.

We affirm. Initially, we reject petitioner's claim that the determination should be annulled because he received inadequate employee assistance. The record demonstrates that, after petitioner first complained of inadequate assistance, the Hearing Officer adjourned the hearing to provide petitioner with the necessary assistance and, when the hearing reconvened, petitioner indicated his satisfaction. Moreover, the Hearing Officer adjourned the hearing a second time to give petitioner the opportunity to examine the physical evidence before questioning a correction officer witness. As such, we find that any purported inadequacy on the part of the employee assistant was cured by the Hearing Officer at the disciplinary hearing and petitioner has demonstrated no prejudice resulting from the alleged inadequate assistance (*see Matter of Fludd v New York State Dept. of Correctional Servs.*, 62 AD3d 1149, 1152 [2009], *lv*

*denied* 13 NY3d 705 [2009]; *Matter of Sierra v Dubray*, 58 AD3d 970, 971 [2009]; *Matter of Burgess v Selsky*, 50 AD3d 1347, 1348 [2008]). Likewise, petitioner was not improperly denied his right to call a second correction counselor as a witness, inasmuch as that counselor had no training in the recognition of gang symbols and, therefore, his testimony would have been redundant to that of the correction counselor who did testify (*see Matter of Hernandez v Bezio*, 73 AD3d 1406, 1407 [2010]; *Matter of Williams v Fischer*, 69 AD3d 1278, 1278-1279 [2010]). Finally, we find that the determination of guilt was a result of the evidence presented, rather than any alleged hearing officer bias, particularly where petitioner was found not guilty on three of the four charges in the misbehavior report (*see Matter of Lamphear v Fischer*, 76 AD3d 1166 [2010]).

Cardona, P.J., Peters, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.