■ In the Matter of RAYMOND SANABRIA, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Cor-

rectional Facility, et al., Respondents. [711 NYS2d 569] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule prohibiting inmates from conspiring to introduce narcotics into the facility. According to the misbehavior report, an ongoing investigation by the Inspector General's office revealed through confidential sources that petitioner conspired with an individual outside the facility to obtain narcotics for sale. Upon petitioner's administrative appeal, the penalty imposed was reduced but the determination of guilt was otherwise affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding and we confirm.

In our view, the misbehavior report, which we find was sufficiently detailed to apprise petitioner of the alleged misconduct and enable him to mount a defense, combined with the witness testimony and confidential information, provide substantial evidence of petitioner's guilt (see, Matter of Foster v Coughlin, 76 NY2d 964, 966). Contrary to petitioner's contention, a review of the confidential testimony and documentation reveals sufficient corroborating information upon which the Hearing Officer could base an independent reliability assessment (see, Matter of Luxemburgo v Selsky, 263 AD2d 742, 743). Moreover, the Hearing Officer did not err in refusing to reveal the substance of the confidential information or provide petitioner with confidential documents inasmuch as the record demonstrated that doing so would jeopardize institutional safety (see, Matter of Bostic v Coughlin, 216 AD2d 766, 767-768). Similarly, we find no support in the record for petitioner's allegation that his employee assistant was inadequate because he was unable to secure confidential information for petitioner's review (see, Matter of Nance v Racette, 182 AD2d 923, lv denied 80 NY2d 760).

Petitioner's remaining contentions, including his allegation that he was improperly denied the right to call available witnesses, have been examined and found to be unpersuasive under the circumstances.

Cardona, P. J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.