■ In the Matter of Rickey Moore, Petitioner, v Glenn S. Goord, as Commissioner of the Department of Correctional Services, Respondent. [721 NYS2d 573] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a disciplinary hearing and administrative appeal, petitioner was found guilty of disobeying a direct order and movement violations after he twice disobeyed orders from a correction officer to face forward and keep his hands clasped behind his head while being admitted to the special housing unit. Petitioner commenced this CPLR article 78 proceeding challenging the determination.

Petitioner contends that the Hearing Officer failed to ascertain why an inmate witness refused to testify. We agree. The record establishes that petitioner requested inmate David Torres as a witness. As shown by the employee assistants form and a witness refusal form, however, Torres refused to testify

without reason. Notwithstanding petitioner's objections during the hearing that Torres provided no reason for his refusal to testify, the record reveals that the Hearing Officer failed to make a meaningful attempt to secure the reasons for Torres' refusal. Where, as here, "the record does not reflect any reason for the witness' refusal to testify, or that any inquiry was made of him as to why he refused or that the hearing officer communicated with the witness to verify his refusal to testify, there has been a denial of the inmate's right to call witnesses as provided in the regulations" (*Matter of Barnes v LeFevre*, 69 NY2d 649, 650; *see, Matter of Dawes v Selsky*, 239 AD2d 796, 796-797; *Matter of Brodie v Selsky*, 203 AD2d 671). Furthermore, there are insufficient details from the correction officer who obtained Torres' signature on the witness refusal form for the Hearing Officer to assess the authenticity of Torres' refusal to testify (*see, Matter of Dawes v Selsky, supra*, at 797).

We also find error in the Hearing Officer's minimal effort to secure a videotape of the incident or to ascertain whether one existed despite petitioner's repeated requests for such evidence. In view of our holding, we need not reach petitioner's remaining contentions.

Cardona, P. J., Mercure, Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this proceeding from petitioner's institutional records and to restore any good time taken from petitioner as a result thereof.