■ In the Matter of DAVID GOLDEN, Petitioner, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, et al., Respondents. [732 NYS2d 655] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit inmates from engaging in conduct involving the threat of violence and from leading, organizing or urging other inmates to participate in work stoppages or any other action that might be detrimental to the order of the facility. Petitioner challenges the determination of his guilt on the ground that it was not supported by substantial evidence. We disagree.

Included in the evidence presented at petitioner's disciplinary hearing were the misbehavior report detailing the charges against petitioner and testimony from a correction officer who had taken part in the investigation of a threatened mass inmate protest demonstration and work stoppage scheduled to commence on December 1, 1999. He related, based on confidential information obtained from three independent sources, that petitioner had threatened violence against any inmates who failed to take part in the demonstration. The confidential sources also reported that petitioner had been heard offering to pay any inmate who would carry out an assault upon a certain correction officer. We find this sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Medina v Goord*, 253 AD2d 973). Although the Hearing Officer did not personally interview the confidential informants, he was able to make an independent assessment of the credibility and reliability of the informants from the detailed in camera testimony of the

investigating correction officer who vouched for their reliability noting that previous information provided by them had always proven to be reliable and credible (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119; *Matter of Colon v Goord*, 245 AD2d 582, 584). The testimony given by petitioner and his inmate witnesses asserting that he was not involved in any of the alleged misconduct created an issue of credibility that was appropriately resolved by the Hearing Officer (*see, Matter of Moore v Goord*, 253 AD2d 927, 928; *Matter of Barreto v Coombe*, 238 AD2d 657). The remaining contentions raised herein have been examined and found to be without merit.

Cardona, P. J., Mercure, Peters, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.