■ In the Matter of RONALD BURGESS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [743 NYS2d 334] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplin-

---

ary rule prohibiting assault on another inmate. The misbehavior report relates that an inmate was attacked in the facility's weight room, suffering a three-inch long laceration on the right side of his face. The reporting correction officer learned from a confidential informant who witnessed the assault that petitioner was the perpetrator.

Substantial evidence of petitioner's guilt was presented at the disciplinary hearing in the form of the misbehavior report, the unusual incident report, and the identification of petitioner as the perpetrator by the inmate informant, as relayed in the confidential testimony given by the reporting officer (see, *Matter of Golden v Ricks*, 288 AD2d 565; *Matter of Bostic v Coughlin*, 216 AD2d 766, 767). The Hearing Officer was not required to conduct a personal interview with the confidential informant under the circumstances presented here because he was able to make an independent assessment of the informant's credibility and reliability from the detailed in camera testimony of the investigating correction officer who vouched for his credibility (see, *Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119; *Matter of Golden v Ricks, supra* at 565-566).

The testimony of petitioner and his six inmate witnesses, asserting that petitioner was at the opposite end of the gym, playing cards and having his hair braided when the assault occurred, presented issues of credibility for resolution by the Hearing Officer (see, *Matter of Petty v Selsky*, 289 AD2d 859, *lv denied* 98 NY2d 602; *Matter of Melendez v Goord*, 285 AD2d 782, 783). We disagree with petitioner's claim that his due process rights were violated when the victim was not permitted to testify. The hearing transcript discloses that the victim's unruly and abusive conduct led to his removal from the hearing room. Hence, preclusion of this testimony constituted an appropriate exercise of the Hearing Officer's discretionary power (see, *Matter of Thomas v Bennett*, 271 AD2d 768, 769; *Matter of Dumpson v McGinnis*, 247 AD2d 804). Petitioner's remaining contentions have been reviewed and found to lack merit.

Cardona, P.J., Crew III, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.