■ In the Matter of Tislam Moore, Petitioner, v David Miller, as Superintendent of Eastern Correctional Facility, Respondent. [749 NYS2d 312] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting assaults on other inmates. The misbehavior report relates that an inmate was stabbed three times on the basketball court and that three eyewitnesses identified petitioner by physical description and through a photo array.

Petitioner asserts that the Hearing Officer did not assess the reliability of the confidential informants. Confidential information may be the basis of a disciplinary determination provided that the Hearing Officer makes an independent assessment of its reliability (see Matter of Almonte v Goord, 295 AD2d 715).

Here, the Hearing Officer personally interviewed one of the confidential informants (*see Matter of Miller v New York State Dept. of Correctional Servs.*, 295 AD2d 714) and, with respect to the other two informants, the Hearing Officer conducted a detailed interview with the investigating officer who received the information. Our review of the in camera material discloses that the Hearing Officer made an independent assessment regarding the reliability and credibility of the confidential informants (*see Matter of Johnson v Goord*, 287 AD2d 923). This confidential information, together with the misbehavior report and testimony at the hearing, provide substantial evidence to support the determination of guilt.

Even if preserved for our review, we would find without merit petitioner's procedural challenges, including that he was denied the right to call witnesses, denied documentary evidence and denied the opportunity to challenge the photo array. Although petitioner did not receive any witness refusal form with respect to inmate Harrigan's testimony, the employee assistance form indicates that Harrigan refused to testify because he did not witness the incident. In any event, the record indicates that inmates other than Harrigan were with petitioner at the time of the incident and testified at the hearing. Under these circumstances, we find no basis for a reversal on these grounds (*see Matter of Culbreath v Selsky*, 257 AD2d 910). Furthermore, the Hearing Officer informed petitioner that the testimony of two correction officers was immaterial to the incident at issue. Finally, the record establishes that the use of the photo array was simply confirmatory in nature (*see Matter of Santiago v Hoke*, 183 AD2d 978, 980-981, *lv denied* 80 NY2d 757).

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.