■ In the Matter of WILLIAM NOGUERAS, Petitioner, v DON-ALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [759 NYS2d 703] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from making threats. As stated in the misbehavior report, the reporting correction officer was informed by a confidential source that petitioner had repeatedly stated that he wanted to kill Correction Officer Smith. Included in the evidence presented at the disciplinary hearing was the misbehavior report and the testimony of a correction officer who stated that on a separate occasion, he had heard petitioner declare in front of several other inmates that if he saw Smith on the street, he would kill him. Additional testimony was given in camera by the reporting officer who stated that a confidential source (who had provided reliable information in the past) informed him that he had heard petitioner say, "[G]ive me five minutes * * * and I will kill [Smith]." We conclude that substantial evidence supports the determination finding petitioner guilty of making threats (see Matter of Tosca v Selsky, 298 AD2d 738, 739 [2002]; Matter of Encarnacion v Ricks, 289 AD2d 625, 626 [2001]). A review of the confidential material confirms that the Hearing Officer made the requisite independent assessment of the reliability and credibility of the confidential informant (see Matter of Camacho v Goord, 284 AD2d 678 [2001]). Although petitioner vehemently denied his guilt of the charged misconduct, the conflict between his exculpatory testimony and the evidence presented against him raised issues of credibility for resolution by the Hearing Officer (see Matter of Moore v Walsh, 301 AD2d 894, 895 [2003]). The remaining contentions raised herein have been reviewed and found to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.