■ In the Matter of CARLOS SABATER, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [772 NYS2d 733]—

---

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule which prohibits the unauthorized use of a controlled substance after his urine twice tested positive for the presence of cannabinoids. We are unpersuaded by petitioner's contention that the misbehavior report did not comply with 7 NYCRR 251-3.1 because the reporting correction officer failed to write the word "cannabinoids" when indicating the results of the second test. Although the description of the second test results was incomplete, the copy of the misbehavior report which was served upon petitioner indicates that the first test was positive for cannabinoids and the second test "also proved positive." Furthermore, the request for urinalysis form and urinalysis procedure forms, copies of which petitioner received along with the copy of the misbehavior report, establish that both test results were positive for cannabinoids. Inasmuch as the results of the second urinalysis test could be gleaned from the misbehavior report and attached forms, and given the explanation at the hearing by the reporting correction officer regarding the omission, such error does not require annulment of the determination, particularly where, as here, petitioner failed to demonstrate any prejudice therefrom (*see Matter of Uttinger v Goord*, 284 AD2d 826, 826 [2001]; *Matter of Moore v Rabideau*, 250 AD2d 1008, 1008-1009 [1998]).

We also reject petitioner's assertion that the urine sample could not serve as a basis for the misbehavior report due to contamination. The correction officer who witnessed the submission of the urine sample testified that petitioner attempted to dilute the urine sample with clean toilet water. The trace amount of urine that petitioner provided at that time was then thrown out and the bottle given back to petitioner to reuse. Whether, as petitioner claims, the water was soiled presented a credibility issue for the Hearing Officer to resolve (*see Matter of Ciotoli v Goord*, 256 AD2d 1192, 1192 [1998]). In any event, we find no merit to petitioner's assertion that the witnessing correction officer failed to comply with proper procedures for the collection of a urine sample (*see* 7 NYCRR 1020.4 [d]). Finally, the misbehavior report, positive test results and testimony at the hearing provide substantial evidence to support the deter-

mination of guilt (*see Matter of Victor v Goord*, 309 AD2d 1026 [2003]).

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.