■ In the Matter of FRANK ALBA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [774 NYS2d 443]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating prison disciplinary rules prohibiting drug possession and smuggling. The charges stemmed from an ongoing investigation of petitioner's housing unit, which revealed that petitioner had arranged to sell a quantity of heroin to another inmate in exchange for $50. After a tier III hearing, petitioner was found guilty of both charges, which determination was upheld on administrative appeal, although the penalty imposed was reduced to six months' loss of privileges, six months in the special housing unit and six months' loss of good time. This CPLR article 78 proceeding followed.

We conclude that the misbehavior report, the reporting officer's hearing testimony and extensive confidential evidence provided by informants who witnessed the transaction provide substantial evidence supporting the determination of petitioner's guilt (see Matter of Gutierrez v Selsky, 294 AD2d 641, 641-642 [2002]). We are satisfied that the Hearing Officer, who personally interviewed the informants, properly made the requisite independent assessment of this confidential evidence and determined it to be both reliable and credible before relying on it as a basis for petitioner's guilt (see Matter of Moore v Miller, 298 AD2d 776, 777 [2002]). Contrary to petitioner's assertions, the Hearing Officer did not err by refusing to allow petitioner to question the confidential informants or learn their identity; an inmate accused of a disciplinary violation does not have the right to confront or cross-examine adverse witnesses (see Matter of Abdur-Raheem v Mann, 85 NY2d 113, 119 [1995]; Matter of Shannon v Goord, 282 AD2d 909, 910 [2001]). In any

event, the record supports the Hearing Officer's determination, duly expressed to petitioner, that exposing the informants would jeopardize both their safety and the security of the correctional facility (*see Matter of McGoey v Selsky*, 260 AD2d 814, 816 [1999]). In this regard, we note that the Hearing Officer accepted petitioner's questions, posed them to the informants during his in camera interviews and promptly reported their answers to petitioner at the hearing.

To the extent that petitioner's claim of hearing officer bias has been preserved, we find it to be unavailing, as there is nothing in the record to suggest that the determination flowed from anything but the substantial evidence of petitioner's guilt (*see Matter of Antonucci v David*, 306 AD2d 654, 654 [2003]). We additionally conclude that the misbehavior report was sufficiently detailed to apprise petitioner of the charges and enable him to prepare a defense (*see Matter of Abdur-Raheem v Mann, supra* at 123; *Matter of Millan v Goord*, 284 AD2d 827, 827 [2001]; *Matter of Shannon v Goord, supra* at 910). Lastly, we do not find the penalty imposed, which was significantly reduced on his administrative appeal, to be excessive under the circumstances (*see Matter of Perkins v Goord*, 290 AD2d 700, 702 [2002]). Petitioner's remaining claims are either unpreserved for our review or lacking in merit.

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.