■ In the Matter of KAHILL BERRY, Petitioner, v LEONARD PORTUONDO, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [775 NYS2d 110]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After hearing a disturbance outside the prison mosque, the prison imam observed petitioner and another inmate engaged in a physical confrontation, with the latter bleeding from his head and upper body. The imam and another inmate attempted to separate the two when a correction officer arrived and directed them to stop fighting. When order was restored, the area surrounding the incident was searched and a blood-covered metal shank was recovered. During the ensuing investigation, confidential information was disclosed indicating that petitioner had attacked the other inmate with a shank. Petitioner was thereafter charged in a misbehavior report with assault, fighting and possession of contraband and subsequently found guilty of all charges. Although the penalty was modified upon administrative appeal, the determination of guilt was upheld. This CPLR article 78 proceeding ensued.

Based upon our review of the record, the determination must be confirmed. The misbehavior report, together with the testimony and memoranda of the reporting officer, the imam and the correction officer who responded to the scene, as well as the confidential information reviewed, in camera, by the Hearing Officer, provide substantial evidence to support the determination of guilt. Although petitioner argues that the Hearing Officer failed to independently verify the reliability and credibility of the information provided by the confidential informant, the Hearing Officer was not required to personally interview the informant (see Matter of Bankston v Selsky, 301 AD2d 984, 985 [2003]; Matter of Burgess v Goord, 295 AD2d 722 [2002]). Rather, he was required to independently assess the credibility and reliability of the confidential information which he did through his detailed exchange with the correction officer who interviewed the informant (see Matter of Biggs v Goord, 308 AD2d 619, 620 [2003]; Matter of Burgess v Goord, supra).

Moreover, we find no merit to petitioner's claim that the hearing was not timely commenced within seven days of the misbehavior report as required by 7 NYCRR 251-5.1 (a). The record discloses that because petitioner needed additional assistance before the hearing could begin, a valid extension was obtained within the seven-day period. Inasmuch as the hearing was commenced on the date set forth in the extension, it was timely (see Matter of Torres v Goord, 264 AD2d 871, 872 [1999]; see also Matter of Cornwall v Goord, 284 AD2d 763, 764 [2001]).

Likewise, we are unpersuaded by petitioner's contention that he was denied the right to call witnesses at the hearing. The record discloses that five inmate witnesses that petitioner requested at the hearing refused to testify. These witnesses were to testify via speaker phone from the disciplinary office. When they refused, the correction officer present in the office indicated their refusal, stating that four of them did not want to become involved and the fifth gave no reason. The Hearing Officer was entitled to rely on this correction officer's testimony and did not have to personally inquire of each inmate as to his reason for not testifying (*see Matter of Matos v Goord*, 293 AD2d 855, 856 [2002]; *cf. Matter of Moore v Goord*, 281 AD2d 736, 737 [2001]). In addition, the record indicates that the Hearing Officer personally spoke with one other inmate witness requested by petitioner who stated that he also did not want to be involved. Therefore, we find no violation of petitioner's due process rights.

We have considered petitioner's remaining contentions, including his claim that he was denied adequate assistance, and find them to be unavailing.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.