■ In the Matter of ROLANDO SANTIAGO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [783 NYS2d 154]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred

to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with arranging for another inmate to assault a third inmate for which petitioner paid several bags of heroin. He was found guilty following a tier III hearing of prison disciplinary rules prohibiting violent conduct, demonstration and assaults on other inmates. After the determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination, which we now confirm.

The misbehavior report, the combined hearing testimony of the reporting officer, the victim and the inmate who actually carried out the assault ordered by petitioner, and the confidential information considered in camera by the Hearing Officer provide substantial evidence supporting respondent's determination. This evidence demonstrated that petitioner, due to ongoing antagonism between himself and the victim's family, had singled out the victim for the attack and contracted with the inmate who carried it out (*see Matter of Moore v Miller*, 298 AD2d 776, 777 [2002]; *see also Matter of Alba v Goord*, 6 AD3d 847 [2004]; *Matter of Miller v New York State Dept. of Correctional Servs.*, 295 AD2d 714, 714 [2002]). Contrary to petitioner's assertions, we are satisfied that the Hearing Officer—who personally interviewed the confidential informant and determined that his testimony sufficiently corroborated other evidence identifying petitioner as the instigator of the assault—properly independently assessed this information to ensure that it was both reliable and credible (*see Matter of Alba v Goord, supra; Matter of Miller v New York State Dept. of Correctional Servs., supra*). Petitioner's denials presented credibility issues which the Hearing Officer was entitled to assess and reject in light of the substantial evidence establishing petitioner's guilt (*see Matter of Bolden v Selsky*, 305 AD2d 749, 750 [2003], *lv denied* 100 NY2d 510 [2003]; *Matter of Golden v Ricks*, 288 AD2d 565, 566 [2001]). We have considered petitioner's remaining claims, including his contention that the Hearing Officer improperly considered evidence that was not made a part of the administrative record, and find that they lack merit.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.