In the Matter of JAMES BLACKWELL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [784 NYS2d 244]—

Spain, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with harassment and threats for repeatedly attempting to have inappropriate communications with a female correction officer. He was found guilty of these charges after a tier III disciplinary hearing and the determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the determination, raising substantial evidence* and procedural issues.

Petitioner initially contends that the misbehavior report was invalid because it failed to specify when the correction officer

---

* We note that, contrary to petitioner's contention, a question of substantial evidence was raised in the petition and, therefore, the matter was properly transferred to this Court.

received any communications from him and it was not endorsed by that officer or other inmates. However, the information forming the basis of this misbehavior report was received from inmates whose identity could not be revealed and was the result of an ongoing investigation and, therefore, the omission of specific dates and times, as well as any endorsement by those inmates, was acceptable (*see Matter of Shabazz v Goord,* 309 AD2d 999 [2003]; *Matter of Watkins v Goord,* 307 AD2d 503, 504 [2003], *appeal dismissed, lv denied* 1 NY3d 532 [2003]). Further, petitioner was not prejudiced by the correction officer's failure to endorse the misbehavior report (*see Matter of Winbush v Goord,* 6 AD3d 821, 822 [2004]; *Matter of Benton v Couture,* 269 AD2d 642, 643 [2000]).

We also find no merit to petitioner's contentions that the Hearing Officer refused to let him investigate potential witnesses, threatened to exclude him from the hearing and denied him the right to present witnesses and documentary evidence. Petitioner was only excluded during confidential testimony, and he was allowed to provide questions to be asked of those witnesses questioned in his absence (*see Matter of Almonte v Goord,* 261 AD2d 684, 685 [1999], *lv denied* 93 NY2d 818 [1999]), which, in one instance, he declined to do. With regard to one of the witnesses, he was ultimately allowed to hear the tape of her testimony. In addition, the documentation requested was confidential, the identification of which would have improperly revealed the source of the information (*see Matter of Alba v Goord,* 6 AD3d 847, 848 [2004]), and petitioner agreed not to call certain witnesses that he initially requested. Finally, the misbehavior report, hearing testimony and additional confidential testimony, as well as the confidential documentary evidence detailing the circumstances surrounding the inappropriate communications, provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Nogueras v Selsky,* 306 AD2d 586 [2003]; *Matter of Lashway v Brown,* 281 AD2d 735, 736 [2001]).

Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.