■ In the Matter of Thomas Ferguson, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [787 NYS2d 442]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

On June 14, 2003, various inmates housed at Auburn Correctional Facility in Cayuga County assaulted prison staff members. During the resulting investigation, confidential information was obtained indicating that petitioner was a major instigator in ordering the assaults in retaliation for past incidents involving staff members. Consequently, petitioner was charged in a misbehavior report with engaging in a demonstration, violent conduct and unauthorized organizational activity. He was found guilty of all charges following a tier III disciplinary hearing and that determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

The misbehavior report, together with the testimony of the correction officer who prepared it and investigated the incident, as well as the confidential information and related documentation, provide substantial evidence supporting the determination of guilt (*see Matter of Pabon v Goord*, 6 AD3d 833, 834 [2004]; *Matter of Berry v Portuondo*, 6 AD3d 848, 849 [2004]). Petitioner's claim that the Hearing Officer did not properly assess the reliability of the confidential information supporting the determi-

nation is belied by the record. The transcript of the in camera testimony given by the confidential informant reveals that the Hearing Officer personally interviewed this individual for the purpose of independently assessing credibility and the details of such testimony were sufficiently corroborated by other confidential information so as to establish its reliability (*see Matter of Santiago v Goord*, 11 AD3d 845 [2004]; *Matter of Sanabria v Senkowski*, 274 AD2d 799, 800 [2000]). We have considered petitioner's claims that the misbehavior report did not comply with the notice requirements of 7 NYCRR 251-3.1 and that he was denied the right to certain documentary evidence at the hearing and find them to be unavailing.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.