■ In the Matter of SANDRO THOMASSINI, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [787 NYS2d 443]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After an inmate was assaulted and his arm severely cut, a confidential informant, who witnessed the attack, identified petitioner as one of the perpetrators. Petitioner was subsequently charged in a misbehavior report with assaulting another inmate. He was found guilty of the charge following a tier III disciplinary hearing and the determination was upheld on administrative appeal, but the penalty was modified. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officers who investigated the incident and their supporting memoranda, as well as the in camera testimony of the confidential informant, provide substantial evidence supporting the determination of guilt (*see Matter of Pabon v Goord*, 6 AD3d 833, 834 [2004]; *Matter of Berry v Portuondo*, 6 AD3d 848, 849 [2004]). We reject petitioner's claim that the reliability of the confidential informant was not properly established as the Hearing Officer personally questioned this individual and independently assessed the reliability of the information given (*see Matter of Ward v Murphy*, 302 AD2d 839, 839-840 [2003]; *Matter of Cobb v Selsky*, 270 AD2d 747, 747 [2000]). Although petitioner contends that he was denied certain telephone records, the record does not disclose that he ever made a formal request for their production. In any event, his claim that he was on the telephone at the time of the assault presented a credibility issue for the Hearing Officer to resolve (*see Matter of Johnson v Goord*, 287 AD2d 923 [2001]).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.