■ In the Matter of MICHAEL ANTINUCHE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [790 NYS2d 324]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As a result of an ongoing investigation in which several of petitioner's telephone calls were tape recorded, petitioner was charged in a misbehavior report with violating the facility's telephone program rules and conspiring to smuggle narcotics into the facility with the intention of selling them in violation of the facility's disciplinary rules. At the conclusion of a hearing, petitioner was found guilty of all charges and assessed a penalty of 24 months in the special housing unit with a corresponding loss of privileges. This determination was apparently reversed upon administrative appeal because petitioner had not been afforded an opportunity to listen to the tapes of his recorded conversations. The matter was remitted for a new hearing, following which petitioner was again found guilty of all charges and assessed the same penalty as before. Upon administrative appeal, petitioner's penalty was modified to reduce his stay in the special housing unit to 12 months, but the determination

was otherwise affirmed. Thereafter, petitioner commenced this CPLR article 78 proceeding to challenge the determination.

Initially, insofar as "[t]he acts of misconduct were described in sufficient detail to satisfy the statutory requirements" and afforded petitioner the opportunity to prepare his defense (*Matter of Bossett v Portuondo*, 3 AD3d 639, 640 [2004]; *see* 7 NYCRR 251-3.1; *Matter of Green v Goord*, 308 AD2d 618, 618-619 [2003], *lv denied* 1 NY3d 505 [2003]), we are not persuaded by petitioner's argument that the misbehavior report failed to provide him with adequate notice of the charges against him. Similarly unavailing is petitioner's claim that he was denied meaningful employee assistance because his assistant failed to produce certain documents that petitioner had requested. "The assistant cannot be faulted for failing to provide petitioner with documentation that did not exist" (*Matter of Odome v Goord*, 8 AD3d 921, 922 [2004]; *see Matter of Tafari v Selsky*, 308 AD2d 613, 613-614 [2003], *lv denied* 1 NY3d 503 [2003]) or was confidential (*see Matter of Blackwell v Goord*, 12 AD3d 816, 817 [2004]; *Matter of Sanabria v Senkowski*, 274 AD2d 799, 800 [2000]). In any event, the record demonstrates that the assistant provided petitioner with adequate assistance and there is no evidence that petitioner was prejudiced by any alleged deficiency (*see Matter of Colon v Goord*, 11 AD3d 839, 840 [2004]; *Matter of Claudio v Selsky*, 4 AD3d 702, 703 [2004]).

As for petitioner's contention that the Hearing Officer improperly denied his request to call as a witness the Queens County District Attorney to authenticate the audiotapes, the record reveals that the tapes were authenticated and the chain of evidence established through the confidential evidence reviewed by the Hearing Officer and, thus, the denial of petitioner's request as redundant was proper (*see* 7 NYCRR 253.5 [a]; *Matter of Madison v Selsky*, 2 AD3d 934, 934 [2003]). Finally, the misbehavior report, the transcripts of petitioner's tape-recorded conversations, the testimony of the Inspector General's investigator, the confidential evidence and the reasonable inferences to be drawn therefrom provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Goldberg v Goord*, 11 AD3d 841, 841 [2004]; *Matter of Alba v Goord*, 6 AD3d 847, 847 [2004]).

Petitioner's remaining contentions are either unpreserved for our review or have been determined to be without merit.

Peters, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.