■ In the Matter of MYRON DUKES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.
[790 NYS2d 323]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with assaulting an inmate after correction officers received confidential information identifying him as the assailant and reporting that he utilized a razor-type weapon in the attack. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

We confirm. Initially, we note that the misbehavior report, together with the testimony at the hearing and the confidential testimony reviewed by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (see Matter of Santiago v Goord, 11 AD3d 845, 846 [2004]; Matter of Berry v Portuondo, 6 AD3d 848, 849 [2004]). We discern nothing improper in the Hearing Officer's consideration of petitioner's uncharged possession of a razor-type weapon in imposing a penalty, as the particular circumstances of the assault were appropriately taken into account (see 7 NYCRR 250.2 [b] [1]). The testimony supported the conclusion that the assault was committed with such a weapon. Moreover, petitioner was not improperly denied the opportunity to present the testimony of the physician who treated the victim but did not observe the assault, as his testimony was not relevant to the charge (see Matter of Caraway v Herbert, 285 AD2d 778, 778 [2001]; Matter of Barranco v Coughlin, 222 AD2d 904, 905 [1995]). Furthermore, although the last extension—which was requested in order to conclude the hearing—was not obtained until after the expiration of the prior extension, we note that the time requirements within which to conclude a disciplinary hearing are directory in nature and petitioner has not demonstrated that he was

prejudiced by the one-day delay in obtaining the extension (see 7 NYCRR 251-5.1 [b]; Matter of Johnson v Goord, 297 AD2d 881, 882 [2002]; Matter of Byas v Goord, 272 AD2d 800, 801 [2000], lv denied 95 NY2d 765 [2000]).

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.