■ In the Matter of MOHAMMAD MOHAMMAD, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [797 NYS2d 154]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using drugs after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of this charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Based upon our review of the record, we find that the misbehavior report, the positive urinalysis test results and related documentation, as well as the testimony at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Van Dusen v Selsky*, 14 AD3d 979, 980 [2005]; *Matter of McCorkle v Bennett*, 8 AD3d 918, 919 [2004]). Petitioner's defense that medications he was taking caused a false positive reading was refuted by the testimony of the technical assistant employed by the manufacturer of the testing equipment. Furthermore, although the lieutenant who authorized the test failed to sign the request for urinalysis form as required (*see* 7 NYCRR 1020.4 [b]), he testified that this was an oversight, he remembered authorizing the test and he signed the form at the hearing, thus curing any defect (*see e.g. Matter of Dalton v Selsky*, 6 AD3d 844, 845 [2004]). In any event, petitioner failed to demonstrate that he was prejudiced by this error (*see Matter of Sabater v Selsky*, 4 AD3d 705, 706 [2004]). Therefore, we find no reason to disturb respondent's determination.

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.