■ In the Matter of ADRIAN McCAIN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [797 NYS2d 182]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a correction officer noticed a group of inmates acting suspiciously, a nearby area was searched and a rock in a sock was found on the floor, prompting an investigation. During the investigation, an inmate was found who had a head injury consistent with being struck with such a weapon. A confidential source implicated petitioner as the perpetrator of the attack and he was charged in a misbehavior report with assault, fighting and possessing a weapon. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

The determination must be confirmed. The misbehavior report, together with the testimony of the sergeant who prepared it as well as that of the confidential informant, constitute substantial evidence supporting the determination of guilt (see Matter of Berry v Goord, 13 AD3d 947 [2004]; Matter of Ferguson v Goord, 13 AD3d 949, 949 [2004]). The Hearing Officer conducted a personal interview to independently assess the informant's reliability (see Matter of Thomassini v Goord, 13 AD3d 954 [2004]; Matter of Pabon v Goord, 6 AD3d 833, 834 [2004]). The testimony of petitioner's inmate witnesses that they did not observe petitioner strike the victim presented a credibility issue for the Hearing Officer to resolve (see Matter of Mannings v Selsky, 296 AD2d 751 [2002]; Matter of Miller v New York State Dept. of Correctional Servs., 295 AD2d 714, 714-715 [2002]). We have considered petitioner's due process claim and find it to be unavailing.

Cardona, P.J., Crew III, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.