■ In the Matter of RAMON REYES, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [821 NYS2d 477]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

A misbehavior report charged petitioner with violating the prison disciplinary rules against soliciting others to smuggle, conspiring to bring drugs into the facility and third-party calls. The charges arose after an investigation revealed that petitioner solicited a visitor to collect money from other inmates and smuggle heroin into the facility. Petitioner was found guilty of the charges following a tier III disciplinary hearing, but the charge of third-party calls was dismissed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the determination of guilt on the other two charges.

We confirm. The misbehavior report and testimony of the reporting officer provide substantial evidence to support the determination of guilt (*see Matter of Hicks v Goord*, 28 AD3d 894, 894 [2006]; *Matter of Vizcaino v Selsky*, 26 AD3d 574, 574 [2006], *lv denied* 7 NY3d 708 [2006]). Petitioner has demonstrated no prejudice from the fact that the reporting officer did not sign petitioner's copy of the misbehavior report inasmuch as a signed copy was present at the hearing and petitioner called the author of the report as a witness, but declined the opportunity to question that officer about the absent signature and has failed to show how he was prejudiced by this oversight (*see Matter of Mohammad v Goord*, 19 AD3d 781, 781 [2005]; *Matter of Goncalves v Donnelly*, 9 AD3d 721, 721-722 [2004]). Moreover, although no drugs were recovered during the investigation, the nature of the charges required proof only that petitioner solicited and conspired with another to effect their delivery (*see Matter of Long v Department of Correctional Servs. of N.Y.*, 252 AD2d 698, 698 [1998]), and the record reveals that the visitor admitted upon his arrest that he was smuggling drugs for petitioner. Petitioner's remaining contentions are either unpreserved for our review or lack merit.

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.