In the Matter of MICHAEL BILBREW, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services et al., Respondents. [822 NYS2d 339]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit assaulting staff members, engaging in violent conduct, possessing property in unauthorized areas and harassment. The charges stemmed from an incident wherein petitioner shouted obscenities and swung a food transport cart at the facility's head cook because he was angry at the cook for removing his chess set and workout gloves from the kitchen area. Petitioner pleaded guilty to harassment and, at the conclusion of the tier III disciplinary hearing that ensued, was found guilty of the remaining charges and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding, subsequently transferred to this Court, to challenge the underlying determination.

Petitioner initially contends that the determination of guilt must be annulled because the disciplinary hearing was not completed in a timely fashion. While petitioner correctly points out that the original request for an extension was filed on the 15th day following the writing of the misbehavior report, we need note only that the time limits set forth in 7 NYCRR 251-5.1 are directory, not mandatory, and where, as here, the record fails to disclose any prejudice as a result of the delay, annulment is not warranted (*see Matter of Dukes v Goord*, 16 AD3d 747, 747-748 [2005]; *Matter of Porter v Goord*, 6 AD3d 1013, 1014 [2004], *lv denied* 3 NY3d 602 [2004]).

Nor are we persuaded that petitioner was denied the right to call certain witnesses to testify on his behalf, including all of the feed-up line workers, all the cooks, the nurse who treated the victim and the correction officer who was stationed in the kitchen on the day in question. As a starting point, contrary to petitioner's assertion, the record on review contains written denials detailing why the requested witnesses were not permitted to testify. Moreover, inasmuch as petitioner was unable to specifically identify several of the requested witnesses or articulate how their testimony was relevant to his defense, we cannot say that the Hearing Officer's denial in this regard was improper (*see Matter of Toney v Goord*, 26 AD3d 613, 614 [2006]; *Matter of Rivera v Goord*, 16 AD3d 788, 789 [2005]).

As a final matter, petitioner argues that the record as a whole

fails to support a violation of rule 113.22. We cannot agree. The facility's regulations for food service personnel do not permit personal items in the food service area and permit "card games" only in the recreation area or break room. Contrary to petitioner's strained interpretation, the cited regulation is sufficiently broad to prohibit the presence of his chess set and workout gloves in the kitchen area (*see* 7 NYCRR 270.2 [B] [14] [xii]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.