■ In the Matter of Jorge Rosario, Petitioner, v Donald Selsky, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [829 NYS2d 280]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding to challenge a determination finding him guilty of violating the prison disciplinary rules that prohibit soliciting or conspiring with other persons to smuggle contraband or introduce drugs into a correctional facility. The misbehavior report alleged that petitioner, in a letter written in Spanish and utilizing code words, requested his mother to prepare drugs and introduce them via a third party into the facility. At the tier III disciplinary hearing on the charges, the author of the misbehavior report, an investigator from the Department of Correctional Services' Inspector General's office, testified regarding the code words used by petitioner in the letter to his mother and, further, provided in camera testimony as to this particular investigation.

We confirm. The misbehavior report, along with the testimony of its author, provide substantial evidence to support the determination of guilt (*see Matter of Reyes v Selsky*, 32 AD3d 1118, 1119 [2006]; *Matter of Tarantola v Selsky*, 32 AD3d 1102 [2006]; *Matter of Vizcaino v Selsky*, 26 AD3d 574 [2006], *lv denied* 7 NY3d 708 [2006]). The contrary testimony of petitioner providing a different explanation of the contents of the letter to his mother presented a credibility issue for the Hearing Officer to resolve (*see Matter of Thomas v Goord*, 34 AD3d 1143, 1144 [2006]). As for petitioner's argument that the hearing was untimely completed without proper extensions, we note that, absent a showing of substantial prejudice flowing from the delay, the time requirements set forth in 7 NYCRR 251-5.1 (b) are

construed to be directory, not mandatory (*see Matter of Bilbrew v Goord,* 33 AD3d 1107 [2006]; *Matter of Chaney v Goord,* 26 AD3d 605, 606-607 [2006]; *Matter of Dukes v Goord,* 16 AD3d 747, 747-748 [2005]). Petitioner's remaining contention has not been preserved for our review given petitioner's failure to raise it at the disciplinary hearing (*see Matter of Perez v Goord,* 34 AD3d 878 [2006]).

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.