■ In the Matter of GEORGE CHAVIS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [871 NYS2d 757]—

Appeal from a judgment of the Supreme Court (Rumsey, J.), entered June 12, 2007 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with attempted assault, harassment and refusing a direct order. At the conclusion of the tier III disciplinary hearing that ensued, petitioner was found guilty of all charges and an administrative penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the determination. Supreme Court dismissed petitioner's application, prompting this appeal.

We affirm. As for petitioner's assertion that he was denied the right to call certain witnesses at the disciplinary hearing, the record on review contains written denials explaining why such witnesses were not permitted to testify (*see Matter of Bilbrew v Goord*, 33 AD3d 1107, 1108 [2006]). Petitioner's related claim that he was improperly denied documentary evidence is equally unpersuasive, as the record demonstrates that petitioner was provided with or allowed to review those requested materials that were both relevant and available. Neither the Hearing Officer nor the employee assistant can be faulted for failing to produce documents or videotapes that did not exist (*see Matter of Russell v Selsky*, 50 AD3d 1412, 1413 [2008]; *Matter of Roye v Goord*, 34 AD3d 1134 [2006]) and, based upon our review of the record as a whole, we are persuaded that the assistance provided was adequate (*see Matter of Nina v Selsky*, 35 AD3d 1049, 1050 [2006]). Although the Hearing Officer did not permit petitioner to introduce into evidence the actual grievances petitioner had filed against facility staff, he did afford petitioner the opportunity to testify as to the substance of those grievances (*cf. Matter of Mulcahy v Selsky*, 295 AD2d 663, 663-664 [2002]), which petitioner elected not to do. Finally, the record reveals that the hearing was conducted in a fair and impartial manner, and there is no indication that the determination flowed from any alleged bias (*see Matter of Griffin v Goord*, 43 AD3d 591 [2007]).

Cardona, P.J., Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.