*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                    519357
_____

In the Matter of RUBEN MENDEZ,
                    Petitioner,

        v                                          MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  January 20, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

                    _____

        Ruben Mendez, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with demonstration and violent conduct after an investigation yielded confidential information alleging that petitioner was one of the organizers of a three-day silent demonstration in the mess hall during meals, which protest was to escalate to work stoppages and violence against staff.  Following a tier III disciplinary hearing, petitioner was found guilty as charged.  The determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm.  The misbehavior report, testimony at the hearing and the confidential information that was independently assessed by the Hearing Officer provide substantial evidence to support the determination of guilt (see Matter of Rosa v Fischer, 112 AD3d 1009, 1010 [2013], lv denied 22 NY3d 864 [2014]; Matter of Ferguson v Goord, 13 AD3d 949, 949 [2004]).  Although petitioner relies on the fact that during the demonstration he was confined to his cell for meals due to a medical condition, such evidence is not dispositive as to whether he was involved in organizing the demonstration and, in any event, such testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Rosa v Fischer, 112 AD3d at 1010).

Petitioner's contention that he was improperly denied an unusual incident report is without merit, as the record establishes that no such document existed (see Matter of Morgan v Goord, 10 AD3d 792, 793 [2004]).  We also are unpersuaded by petitioner's assertion that he required the assistance of a Spanish interpreter.  The record demonstrates, and testimony regarding his educational records confirms, that petitioner is sufficiently proficient in English to enable his meaningful participation in the hearing (see Matter of Encarnacion v Goord, 19 AD3d 906, 907 [2005]).  Petitioner's remaining contention regarding the adequacy of his employee assistance is unpreserved for our review given his failure to raise the issue at the disciplinary hearing (see Matter of Robinson v Prack, 119 AD3d 1309, 1309 [2014]).

Lahtinen, J.P., McCarthy, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court