*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    519914
_____

In the Matter of NJERA WILSON,
                    Petitioner,

         v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                    Respondents.
_____

Calendar Date:  May 5, 2015

Before:  Peters, P.J., Garry, Egan Jr. and Lynch, JJ.

                    _____


         Njera Wilson, Dannemora, petitioner pro se.

         Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondents.

                    _____


         Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

         During the course of a pat frisk, petitioner swung his elbow toward a correction officer and attempted to strike him. As a result, he was charged in a misbehavior report with attempting to assault staff, refusing a direct order and creating a disturbance.  Following a tier III disciplinary hearing, petitioner was found guilty of attempting to assault staff, but not guilty of the other charges.  The determination was later affirmed on administrative appeal and this CPLR article 78

proceeding ensued.

We confirm. The misbehavior report, related documentation and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Morrison v Prack, 122 AD3d 996, 996 [2014]; Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]). Although petitioner denied trying to strike the officer and stated that it was he who was assaulted, his testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]; Matter of Moreno v Fischer, 100 AD3d 1167, 1167-1168 [2012]). Moreover, we find no merit to petitioner's claim that he was improperly denied the unusual incident report, as such report did not exist (see Matter of Mendez v Annucci, 126 AD3d 1216, 1217 [2015]; Matter of Martin v Fischer, 109 AD3d 1026, 1027 [2013]). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are unpersuasive.

Peters, P.J., Garry, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court