*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 21, 2016                    521416
_____

In the Matter of SHANE HYATT,
                    Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting          MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   June 6, 2016

Before:   Lahtinen, J.P., Garry, Lynch, Clark and Aarons, JJ.

                    _____

        Shane Hyatt, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        While in the correctional facility's physical therapy room, petitioner refused a direct order to hold out his hands for the application of restraints and attempted to strike the correction officer who gave him the order, prompting correction officers to subdue and place petitioner in restraints. As a result, petitioner was charged in a misbehavior report with refusing a direct order, attempted assault and violent conduct. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. On administrative appeal, that determination was upheld with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. As to the disciplinary determination, we find that the misbehavior report, the testimony of the correction officers and physical therapist who were involved and witnessed the incident and the use of force report and accompanying documentation constitute substantial evidence supporting the determination of guilt (see Matter of White v Prack, 131 AD3d 1333, 1334 [2015], lv denied 26 NY3d 920 [2016]; Matter of Lamphear v Fischer, 76 AD3d 1166, 1166 [2010]).[1] While the testimony and written statements from petitioner's inmate witnesses generally corroborated his allegations that it was he who was assaulted, the Hearing Officer was entitled to assess the varying narratives of the incident presented at the hearing and resolve the issues of credibility (see Matter of Wilson v Annucci, 129 AD3d 1422, 1422 [2015]).

Turning to petitioner's procedural contentions, we reject his claim that he was improperly denied the right to call as witnesses a facility nurse and doctor who had examined him after the incident. Inasmuch as those witnesses did not witness the incident and petitioner's injuries were documented by the nurse in a use of force report that was admitted into evidence, their testimony would have been irrelevant and redundant (see Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]; Matter of Valerio v New York State Dept. of Correctional Servs., 67 AD3d 1228, 1228 [2009]). Nor was petitioner improperly denied the right to call certain inmate witnesses, all of whom did not witness the incident and would have provided testimony that was irrelevant or redundant. The remaining two inmate witnesses did not agree to testify prior to the hearing, and the reasons for their refusal were set forth in the record (see Matter of Broadie v Annucci,

_____

[1] Upon our review of the audio cassette tape of the testimony of the correction officer who was present at the incident and assisted with the use of force, we agree with petitioner that this witness testified, "I did not actually see what was going on," while the transcript erroneously described his testimony as, "I did actually see what was going on." Notwithstanding this discrepancy, the cumulative testimony provides substantial evidence for the determination.

131 AD3d 1324, 1324-1325 [2015]).  Finally, petitioner was not denied the right to present documentary evidence in the form of a videotape recording of the physical therapy room, as the record reveals that no such videotape of the incident was available, and the other videotapes requested by petitioner would have been irrelevant (see Matter of Barclay v Knowles, 79 AD3d 1550, 1550-1551 [2010]; Matter of Chavis v Goord, 58 AD3d 954, 955 [2009]).  Petitioner's remaining claims, including his contention that he was denied effective employee assistance, have been examined and found to be without merit.

Lahtinen, J.P., Garry, Lynch, Clark and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court