■ In the Matter of Isham Moore, Petitioner, v Michael Rabideau, as Hearing Officer, et al., Respondents. [673 NYS2d 256] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondents which found petitioner guilty of violating a prison disciplinary rule.

Following a hearing, petitioner, an inmate at Elmira Correctional Facility in Chemung County, was found guilty of violating a prison disciplinary rule prohibiting possession of a controlled substance.* Charged after a strip frisk and body cavity search of petitioner resulted in the discovery of, *inter alia*, several items of contraband that tested positive for the presence of marihuana, the determination of guilt was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

Initially, we conclude that the misbehavior report sufficiently notified petitioner of the charges against him in that it provided "enough particulars to make an effective response" (*Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123). With respect to the absence from the misbehavior report of the endorsement of the correction officer who petitioner claims received confidential information concerning the contraband, even if such an omission did constitute error, it does not warrant annulment in this

---

* The Hearing Officer dismissed a separate charge of smuggling.

case in that "petitioner has failed to demonstrate any prejudice accruing to himself as a result" (*Matter of Parker v Laundree*, 234 AD2d 727).

We also reject petitioner's challenge to the determination on the basis that the Hearing Officer failed to assess the reliability of the confidential informant whose tip led to the search. "[W]hen a determination of guilt does not depend upon the credibility of confidential information, there is no need for an assessment of the informant's reliability" (*Matter of Brown v Coombe*, 241 AD2d 644). Here, the misbehavior report appropriately contained information from a correction officer who had "ascertained the facts of the incident" (7 NYCRR 251-3.1 [b]). The confidential information merely prompted the investigation that ultimately led to the discovery of separate evidence of petitioner's guilt.

Finally, to the extent the petition raises an issue of substantial evidence, we conclude that the record sufficiently supports the determination of guilt. While petitioner claimed at the hearing that he had been framed and that the contraband was not in his possession, his contentions merely created a credibility issue for the Hearing Officer to resolve (*see*, *Matter of Folk v Coombe*, 232 AD2d 683).

The remaining arguments raised by petitioner have been examined and found to be without merit.

White, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.