■ In the Matter of DUAUT A. DUAMUTEF, Petitioner, v SALLY B. JOHNSON, as Superintendent of Orleans Correctional Facility, et al., Respondents. [698 NYS2d 370] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner, an inmate at Orleans Correctional Facility, commenced this CPLR article 78 proceeding seeking review of a determination following a Tier III hearing. One charge was dismissed upon administrative appeal, but the determination that petitioner had violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey a direct order]) and 105.10 (7 NYCRR 270.2 [B] [6] [i] [unauthorized assembly]) was affirmed.

Petitioner contends that (1) he was denied his right to prepare and present a defense, including his right to submit documentary evidence; (2) he was denied his right to a timely hearing; (3) the Hearing Officer failed to conduct a fair and impartial hearing; (4) the determination is not supported by substantial evidence; (5) the misbehavior report was retaliatory; and (6) he was denied his right to call witnesses.

With respect to petitioner's first contention, at the commencement of the hearing, petitioner sought various documents, and the Hearing Officer adjourned the hearing to try to obtain them. When the hearing resumed, the Hearing Officer stated that he could not find any copies of any notes or correspondence requested by petitioner. He also stated that the only writing by the author of the misbehavior report relating to the incident was the misbehavior report itself. He told petitioner, "You have what I have basically".

In his administrative appeal and CPLR article 78 petition, petitioner stated that he filed a request pursuant to the Freedom of Information Law (Public Officers Law art 6 [FOIL]) the day after receiving the determination of his Tier III hearing in which he sought any and all interdepartmental communications made by the author of the misbehavior report. He alleged that he was told that the documents were part of a security investigation and may compromise the security of others.

Respondents' answer to the petition denied that allegation

and further alleged that petitioner had the relevant documents, attached as exhibits D, F and H. Exhibit D is the hearing transcript, and exhibit F is a memorandum from the author of the misbehavior report to a sergeant concerning the incident and identifying an inmate who stated that the meeting was held to prevent possible violence and bloodshed. Petitioner is not named in that memorandum. Exhibit H is a memorandum from the sergeant to a superior officer referring to the incident and stating, "[the author of the misbehavior report] informed me that the meeting consisted of approx. 20 inmates. The main speaker of the meeting seemed to be Duamutef [petitioner]. On the above date I interviewed Duamutef as to what the meeting was about. He claimed it was an effort to iron out differences about property being stolen from two white guys on the unit. He claimed he was watching the Knicks game when the conversation began and he got caught up in it."

In reply, petitioner asserted that exhibit F was falsified by the author of the misbehavior report and was withheld from petitioner to his prejudice and that exhibit H is fabricated because he never talked to the sergeant on the day in question. There was no surreply.

The answer submitted by respondents implies that exhibits F and H were part of the hearing record. The hearing transcript makes it clear, however, that the Hearing Officer denied the existence of any relevant writing by the author of the misbehavior report except for the misbehavior report itself, and the statement by the Hearing Officer of the evidence on which he relied in rendering his decision did not mention exhibits F or H.

Petitioner has shown no prejudice from the unavailability to him at the hearing of exhibits F and H, which are not exculpatory, and thus annulment is not required (*see, Matter of Samuels v Kelly,* 143 AD2d 506, *lv denied* 73 NY2d 707; *see also, Matter of Davidson v Coughlin,* 219 AD2d 843, *lv denied* 87 NY2d 808). This is so even though the documents should have been disclosed absent a finding that disclosure would be hazardous to the safety or goals of the institution (*see, Matter of Moore v Goord,* 255 AD2d 640, *lv denied* 93 NY2d 802; *Matter of Dumpson v Mann,* 225 AD2d 809, 810, *lv denied* 88 NY2d 805). From the record before us, which does not include the alleged FOIL request or the alleged answer, we are unable to ascertain whether a FOIL request was responded to as petitioner alleges and, if so, whether exhibits F and H were documents referred to in response to petitioner's FOIL request.

The hearing was timely because the day on which the report

was written is excluded in determining timeliness (*see, Matter of Faison v Senkowski,* 254 AD2d 556, 557). The record is devoid of evidence that the Hearing Officer was biased or that the outcome of the hearing flowed from any bias (*see, Matter of Crandall v Coughlin,* 219 AD2d 823). The misbehavior report and the testimony of two correction officers constitute substantial evidence supporting the determination, and petitioner's explanation presented a credibility issue that the Hearing Officer was entitled to resolve against him (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). No evidence of retaliation was presented at the hearing. Petitioner failed to preserve for our review his contention that he was denied the right to call witnesses. At the outset of the hearing, he was given a list of inmates allegedly involved in the incident, and he failed to request their testimony.

Although we conclude that the determination should be confirmed, we express serious concern about the record provided by respondents. It is troublesome that the existence of documents sought by petitioner was denied, but it is even more troublesome that they were incorporated in the record and treated in the answer as if they had been available to petitioner at the hearing when it is apparent from the transcript that they were not. The integrity of the review process is at stake, and it is essential that accurate records be provided to the reviewing court. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Orleans County, Punch, J.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.