■ In the Matter of EMETERIO ROMAN, Petitioner, v DONALD SELSKY, as Director of Inmate Disciplinary Program for the New York State Department of Correctional Services, Respondent. [705 NYS2d 88] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III determination, petitioner, a prison inmate, was found guilty of possessing a controlled substance, possessing drug paraphernalia and possessing authorized articles in an unauthorized area when five marihuana "roaches", a homemade pipe and other contraband were found in his cell. Contrary to petitioner's contention, the two detailed misbehavior reports and the testimony of the correction officers who authored them provide substantial evidence of petitioner's guilt (see, Matter of Rivera v Goord, 261 AD2d 754). Although the misbehavior report charging petitioner with possession of drug paraphernalia and possession of authorized articles in an unauthorized area was endorsed by only one of the two correction officers who conducted the search, petitioner has not demonstrated that he was prejudiced in any way by this harmless technical defect (see, Matter of Bolling v Coombe, 234 AD2d 730). It is additionally noted that petitioner's contention that the contraband did not belong to him merely raised a cred-

---

ibility issue for the Hearing Officer to resolve (see, Matter of Moore v Rabideau, 250 AD2d 1008).

Furthermore, there is no merit to petitioner's contention that the correction officers violated respondent's own rules and regulations, namely Department of Correctional Services Directive 4910 IV (B) (1) regarding the recording of findings of contraband. The Directive states that any contraband found during a cell search shall be indicated upon an "area log, search log, and any other log kept where search results are recorded" (Directive 4910 IV [B] [1]). As the marihuana found in petitioner's cell was recorded on the misbehavior report, we find that there was no violation of the Directive. We have examined petitioner's remaining contentions, including his timeliness claim, and find them to be unpersuasive.

Mercure, J. P., Crew III, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.