■ In the Matter of CHARLES MOTZER, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [709 NYS2d 670] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of possessing a weapon, tattooing and tampering with electricity. Contrary to petitioner's contention the misbehavior report, which evidences that during a routine search of petitioner's cell a weapon, tattooing paraphernalia and an A/C adapter were found, provides substantial evidence to support the determination of petitioner's guilt (*see, Matter of Mitchell v Goord,* 266 AD2d 614; *Matter of Butler v Goord,* 265 AD2d 715).

Petitioner also contends that the correction officers who conducted the search of his cell did not comply with Department of Correctional Services Directive 4910 V (C) (1). We reject this contention. This directive only pertains to searches conducted of a general confinement housing unit (*see generally, Matter of Gonzalez v Wronski,* 247 AD2d 767). The record reveals that petitioner was housed in a special housing unit area and not in the general housing unit. Furthermore, there is no merit to petitioner's contention that the correction officers violated respondent's own rules and regulations, namely Department of Correctional Services Directive 4910 IV (B) (1) regarding the recording of findings of contraband. This Directive states that any contraband found during a cell search shall be indicated upon an "area log, search log, and any other log kept where search results are recorded" (Directive 4910 IV

[B] [1]). As the weapon and tattooing equipment found in petitioner's cell were recorded on the misbehavior report, we find that there was no violation of the directive (*see, Matter of Roman v Selsky*, 270 AD2d 519). We have examined petitioner's remaining contentions, including his timeliness claim, his claim of Hearing Officer bias and the other alleged procedural infirmities, and find them to be unpersuasive.

Mercure, J. P., Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.