■ In the Matter of JOHN STANDLEY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [742 NYS2d 406] —Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a de-

termination of respondent Superintendent of Great Meadow Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II disciplinary hearing, petitioner was found guilty of impersonation and violating correspondence procedures based upon his use of legal mail to send a letter to an inmate at another facility. The record contains an unsigned letter bearing the letterhead "Shirley St. Hilaire Attorney At Law" and addressed to an inmate at Green Haven Correctional Facility in Dutchess County. The content of the letter plainly reveals that its author was not an attorney but, rather, an inmate who recently had been transferred from Green Haven to Great Meadow Correctional Facility in Washington County. The letter further reflects that the addressee and the author of the letter were friends who recently had a falling out. The letter also provides the addressee with the telephone number of the author's grandmother as a means of passing messages by phone. According to the misbehavior report, the letter was discovered at Green Haven in legal mail from Great Meadow, and the telephone number in the letter is listed on petitioner's active register as that of his grandmother. At the hearing, petitioner conceded that he and the addressee had been friends and that he recently was transferred from Green Haven to Great Meadow.

Considered in its entirety, we are of the view that the foregoing evidence of petitioner's guilt has sufficient detail and probative value to meet the standard for substantial evidence articulated in *People ex rel. Vega v Smith* (66 NY2d 130, 139). Petitioner's claim that he was framed by the addressee created a question of credibility for the Hearing Officer to resolve (*see, Matter of Moore v Rabideau*, 250 AD2d 1008, 1009). Petitioner's remaining contentions, including his assertion that he was denied relevant documents, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.