■ In the Matter of SALEEM A. HAMID, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [810 NYS2d 229]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After observing petitioner play his radio in his cell in a loud manner, a correction officer directed him to surrender it. Petitioner refused, became argumentative and shouted obscenities at the officer. Petitioner then threw the radio at the officer, striking her in the face and left hand. As a result, he was charged in a misbehavior report with interfering with an employee, assaulting staff, creating a disturbance and harassment. He was found guilty of the charges following a tier III disciplinary hearing. The determination of guilt was affirmed on administrative appeal, but the penalty was modified. This CPLR article 78 proceeding ensued.*

Although petitioner objects to the adequacy of his employee assistant because the assistant failed to provide him with a copy of the unusual incident report, the assistant cannot be faulted for failing to provide documentation that was not available at the time of the request (*see Matter of Antinuche v Goord*, 16 AD3d 743, 744 [2005]). In any event, inasmuch as petitioner was provided with a copy of the report at the hearing, any prejudice was alleviated (*see Matter of Odome v Goord*, 14 AD3d 975, 976 [2005]). Petitioner did not bring to the hearing offi-

* Although it appears that a question of substantial evidence was not raised in the petition and therefore the proceeding should not have been transferred to this Court, we nevertheless retain jurisdiction in the interest of judicial economy (*see Matter of Otero v Goord*, 17 AD3d 805, 806 n [2005]).

cer's attention any other alleged deficiencies of his assistant. While he also asserts that the hearing officer was biased, the record does not establish that the determination of guilt flowed from any alleged bias (*see Matter of Cayenne v Goord*, 16 AD3d 782, 783-784 [2005]).

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.