In the Matter of MICHAEL MELENDEZ, Appellant, v JAMES L. BERBARY, Superintendent, Collins Correctional Facility, et al., Respondents. [932 NYS2d 747]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a Tier III disciplinary hearing, that he violated inmate rule 113.13 (7 NYCRR 270.2 [B] [14] [iii] [making or possessing an alcoholic beverage]). We reject petitioner's contention that the determination should be annulled on the ground that he received inadequate assistance from the employee assistant assigned to his case pursuant to 7 NYCRR 251-4.1. "[I]n order to succeed on his claim that the assistance was inadequate, petitioner must establish that prejudice resulted from the employee assistant's failure to comply with [7 NYCRR 251-4.2]" (*Matter of Serrano v Coughlin*, 152 AD2d 790, 792 [1989]; *see Matter of Rodriguez v Herbert*, 270 AD2d 889, 889-890 [2000]). Pursuant thereto, the

assistant may, inter alia, "assist the inmate in obtaining documentary evidence or written statements which may be necessary." (7 NYCRR 251-4.2.) Even assuming, arguendo, that the assistant could and should have obtained the documents requested by petitioner, we conclude that petitioner was not prejudiced thereby. At the hearing, the Hearing Officer provided petitioner with "all of the documents he requested, save those that did not exist or were irrelevant to the charged misbehavior" (*Matter of Parkinson v Selsky*, 49 AD3d 985, 986 [2008]). Although petitioner asserts that he could have shown that the signature on one of the documents was forged if it had been provided to him sooner, there is no evidence to support his allegation of forgery. Finally, we reject petitioner's remaining contention that he was not provided with advance notice of the charges against him and that he was thus denied a fair hearing on that basis. The record establishes that petitioner knew well before the hearing that he was alleged to have possessed alcohol, and he had ample opportunity to prepare his defense. Present—Peradotto, J.P., Carni, Lindley, Sconiers and Green, JJ.