# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**794**
**TP 13-00546**
PRESENT: SMITH, J.P., CENTRA, CARNI, VALENTINO, AND WHALEN, JJ.
_____

IN THE MATTER OF CEDRIC REID, PETITIONER,

                              V                    MEMORANDUM AND ORDER

GREGORY SAJ, DEPUTY SUPERINTENDENT, LIVINGSTON
CORRECTIONAL FACILITY, RESPONDENT.
_____

CEDRIC REID, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT.
-------------------------------------------------------------------------------------------------------------------

     Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Livingston County [Robert B.
Wiggins, A.J.], entered March 11, 2013) to review a determination of
respondent.  The determination found after a tier II hearing that
petitioner had violated various inmate rules.

     It is hereby ORDERED that the determination so appealed from is
unanimously modified on the law and the petition is granted in part by
annulling those parts of the determination finding that petitioner
violated inmate rules 113.11 (7 NYCRR 270.2 [B] [14] [ii]), 113.14 (7
NYCRR 270.2 [B] [14] [iv]) and 118.31 (7 NYCRR 270.2 [B] [19] [ix])
and as modified the determination is confirmed without costs and
respondent is directed to expunge from petitioner's institutional
record all references to the violation of those inmate rules.

     Memorandum:  Petitioner commenced this CPLR article 78
proceeding, transferred to this Court pursuant to CPLR 7804 (g),
seeking to annul the determination, following a tier II hearing, that
he violated inmate rules 113.11 (7 NYCRR 270.2 [B] [14] [ii
[possession of altered item]), 113.14 (7 NYCRR 270.2 [B] [14] [iv
[possession of unauthorized medication]), 116.10 (7 NYCRR 270.2 [B]
[17] [i] [stealing]), 116.13 (7 NYCRR 270.2 [B] [17] [iv] [possession
of stolen property]), and 118.31 (7 NYCRR 270.2 [B] [19] [ix
[tampering with electricity]).  Respondent concedes that those parts
of the determination finding that petitioner violated inmate rules
113.11, 113.14 and 118.31, as alleged in the misbehavior report, are
not supported by substantial evidence.  We therefore modify the
determination by granting the petition in part and annulling those
parts of the determination finding that petitioner violated the stated
rules, and we direct respondent to expunge from petitioner's
institutional record all references thereto.  Because the penalty has

already been served and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty.

Contrary to petitioner's contention, the remaining parts of the determination, finding that he violated inmate rules 116.10 and 116.13, are supported by substantial evidence (*see People ex rel. Vega v Smith*, 66 NY2d 130, 139).  Petitioner's contention that he owned the object that he was alleged to have stolen created, at most, a credibility issue for the Hearing Officer to resolve (*see generally Matter of Foster v Coughlin*, 76 NY2d 964, 966).

Petitioner's further contention that he was entitled to employee assistance in preparing his defense in this tier II hearing is without merit (*see Matter of Vann v Costello*, 285 AD2d 924, 924-925; *Matter of Booker v Rivera*, 276 AD2d 985, 985; *see generally* 7 NYCRR 251-4.1 [b]).  We reject petitioner's contention that the Hearing Officer abused his discretion in denying petitioner's request for assistance in light of the complexity of this matter (*see generally* 7 NYCRR 251-4.1 [b]), particularly in the absence of any evidence of prejudice to petitioner from the lack of assistance (*see Matter of Cliff v De Celle*, 260 AD2d 812, 813-814, *lv denied* 93 NY2d 814).  We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered:  July 11, 2014                          Frances E. Cafarell
                                                  Clerk of the Court