# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**138**

**TP 14-02248**

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF JOSE MEDINA, PETITIONER,

               V                           MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

JOSE MEDINA, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Mark H. Fandrich, A.J.], entered April 7, 2014) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules, including inmate rule 100.11 (7 NYCRR 270.2 [B] [1] [ii] [assaulting a staff member]) and 113.10 (7 NYCRR 270.2 [B] [14] [i] [possessing a weapon]). Contrary to petitioner's contention, the misbehavior report, together with the Unusual Incident Report, the Use of Force Report, the testimony of several correction officers who observed the incident, and the photograph of the ice pick that was recovered, "constitutes substantial evidence supporting the determination that petitioner violated [the] inmate rule[s]" at issue (*Matter of Oliver v Fischer*, 82 AD3d 1648, 1648). Petitioner's denials of the reported misbehavior raised, at most, an issue of credibility for resolution by the Hearing Officer (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966).

We reject petitioner's further contentions that the search was not authorized, and that it was conducted in violation of certain administrative regulations and without probable cause. To the contrary, the record establishes that the search was, in fact, authorized by a correction sergeant, and petitioner has not demonstrated that he has been prejudiced by any technical defect with

respect to the manner in which it was conducted (*see Matter of Roman v Selsky*, 270 AD2d 519, 519-520; *see also Matter of Motzer v Goord*, 273 AD2d 559, 559-560). Moreover, the record reflects that the correction officer who searched petitioner had probable cause for the search, including his own observations (*see Matter of Cole v Goord*, 47 AD3d 1147, 1147).

Contrary to petitioner's further contention, even assuming, arguendo, that there was a violation of 7 NYCRR 251-4.2 based on the allegedly inadequate assistance provided by petitioner's employee assistant, we conclude that the Hearing Officer remedied any alleged defect in that assistance by adjourning the proceeding to permit the assistant to take the actions petitioner deemed necessary (*see generally Matter of Melendez v Berbary*, 89 AD3d 1524, 1525, *lv denied* 19 NY3d 804; *Matter of Gray v Kirkpatrick*, 59 AD3d 1092, 1092-1093). Petitioner failed to preserve for our review his contention that he was denied the right to call witnesses based on the Hearing Officer's refusal to permit him to call a certain inmate witness (*see Matter of Duamutef v Johnson*, 266 AD2d 823, 825, *lv denied* 94 NY2d 759). Although petitioner preserved that contention for our review with respect to other witnesses, including other correction officers who allegedly were at the scene, we conclude that his right to call witnesses was not violated because "[t]he additional testimony requested by petitioner would have been either redundant or immaterial" (*Matter of Sanchez v Irvin*, 186 AD2d 996, 996, *lv denied* 81 NY2d 702; *see Matter of Jackson v Annucci*, 122 AD3d 1288, 1288-1289). The record does not support petitioner's further contention that the Hearing Officer "was biased or that the determination flowed from the alleged bias" (*Matter of Rodriguez v Herbert*, 270 AD2d 889, 890; *see Matter of Colon v Fischer*, 83 AD3d 1500, 1501-1502).

We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered: March 18, 2016                    Frances E. Cafarell
                                           Clerk of the Court