# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**770**

**TP 15-02181**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF STEVEN ANDERSON, PETITIONER,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, RESPONDENT.

---

STEVEN ANDERSON, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Patrick F. MacRae, J.], entered June 22, 2015) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination that found that petitioner violated inmate rule 101.10 (7 NYCRR 270.2 [B] [2] [i]) and as modified the determination is confirmed without costs and respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule.

Memorandum: Petitioner commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul the determination, following a tier III hearing, that he violated inmate rules 101.10 (7 NYCRR 270.2 [B] [2] [i] [sexual act]) and 180.10 (7 NYCRR 270.2 [B] [26] [i] [facility visiting violation]). Petitioner pleaded guilty to violating inmate rule 180.10, and therefore his contention that the determination with respect to that inmate rule is not supported by substantial evidence is without merit (*see Matter of Liner v Fischer*, 96 AD3d 1416, 1417). In addition, inasmuch as petitioner admitted that violation, the procedural issues raised by petitioner regarding the hearing that was held with respect to the remaining violation "did not prejudice his defense" on inmate rule 180.10 (*Matter of Robles v Coughlin*, 191 AD2d 1037, 1038).

Respondent concedes that the determination finding that petitioner violated inmate rule 101.10 is not supported by substantial

evidence.  We therefore modify the determination by granting the petition in part and annulling that part of the determination finding that petitioner violated that inmate rule, and we direct respondent to expunge from petitioner's institutional record all references thereto (*see Matter of Reid v Saj*, 119 AD3d 1445, 1446).  Because the penalty has already been served and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty.

Entered:  September 30, 2016                     Frances E. Cafarell
                                                Clerk of the Court