In the Matter of JAMES ADAMS, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent. [56 NYS3d 409]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Christopher J. Burns, J.), entered August 26, 2016 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is

unanimously modified on the law by granting the petition in part and annulling that part of the determination finding that petitioner violated inmate rules 113.23 (7 NYCRR 270.2 [B] [14] [xiii]) and 114.10 (7 NYCRR 270.2 [B] [15] [i]) and as modified the judgment is affirmed without costs, and respondent is directed to expunge from petitioner's institutional record all references to the violation of those rules.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III hearing on two separate misbehavior reports, that petitioner had violated various inmate rules. As a preliminary matter, we note that petitioner did not contend in his petition that the determination with respect to the charges contained in the first misbehavior report is not supported by substantial evidence, and he thus did not preserve that contention for our review (*see Matter of Rodriguez v Fischer*, 96 AD3d 1374, 1375 [2012]; *Matter of Rosa v Fischer*, 87 AD3d 1252, 1253 [2011], *lv denied* 19 NY3d 802 [2012]). We nevertheless agree with petitioner that the judgment must be modified with respect to the first misbehavior report by granting the petition in part because respondent failed to preserve and photograph the alleged contraband in violation of Department of Corrections & Community Supervision Directive No. 4910A (*see Matter of Clark v Fischer*, 114 AD3d 1116, 1116-1117 [2014]; *cf. Matter of Motzer v Goord*, 273 AD2d 559, 559-560 [2000]; *Matter of Roman v Selsky*, 270 AD2d 519, 520 [2000]), and the error cannot be deemed harmless on this record. We therefore modify the judgment by granting the petition in part and annulling that part of the determination finding that petitioner violated inmate rules 113.23 (7 NYCRR 270.2 [B] [14] [xiii] [contraband]) and 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]). Because the penalty has already been served and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty (*see Matter of Reid v Saj*, 119 AD3d 1445, 1446 [2014]).

With respect to the second misbehavior report, we reject petitioner's contention that he was denied his right to call witnesses inasmuch as the testimony from the sole witness that was not called " 'would have been either redundant or immaterial' " to the charges (*Matter of Medina v Fischer*, 137 AD3d 1584, 1586 [2016]; *see Matter of Jackson v Annucci*, 122 AD3d 1288, 1288-1289 [2014]). We also reject petitioner's contention that a discrepancy in the chain of custody report and the testimony at the hearing concerning chain of custody requires reversal. Two witnesses testified that the evidence was brought

to a pharmacist by one particular correction officer, the officer identified in the chain of custody report. The pharmacist, who could not remember or identify the man who brought him the contraband, assumed it had been another person who had brought him the evidence. The Hearing Officer resolved the discrepancy in favor of the person identified in the chain of custody report, and we "perceive no basis in the record to disturb the Hearing Officer's resolution of th[at] issue[ ]" (*Matter of Dash v Goord*, 255 AD2d 978, 978 [1998], citing *Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]).

Although petitioner contends that he was denied adequate employee assistance because his employee assistant incorrectly informed him that requested documents did not exist, we conclude that any prejudice caused by that error was alleviated when petitioner was provided with copies of the documents at the hearing (*see Matter of Laliveres v Prack*, 136 AD3d 1082, 1083 [2016]; *Matter of Hamid v Goord*, 25 AD3d 1041, 1041 [2006]). Contrary to petitioner's final contention, the second misbehavior report was "sufficiently specific to enable petitioner to prepare a defense" (*Matter of Jones v Fischer*, 111 AD3d 1362, 1363 [2013]; *see Matter of Sepe v Goord*, 1 AD3d 667, 667-668 [2003]; *see generally Matter of Bryant v Coughlin*, 77 NY2d 642, 648 [1991]). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.