■ In the Matter of BASHAN RUDOLPH, Petitioner, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [65 NYS3d 896]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered May 15, 2017) to annul a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey direct order]) and 113.10 (7 NYCRR 270.2 [B] [14] [i] [weapon possession]). Contrary to petitioner's contention, the determination is supported by substantial evidence, including the misbehavior report and the testimony of the correction officer who wrote it (*see Matter of Medina v Fischer*, 137 AD3d 1584, 1585 [4th Dept 2016]; *Matter of Spears v Fischer*, 103 AD3d 1135, 1135-1136 [4th Dept 2013]; *see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139-140 [1985]), notwithstanding that the videotape of the incident is inconclusive in certain respects (*see generally Matter of Hutchinson v Annucci*, 149 AD3d 1443, 1443 [3d Dept 2017]). The testimony of petitioner and the other inmates who testified at the hearing merely raised credibility issues that the Hearing Officer was entitled to resolve against petitioner (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]; *Matter of Heath v Walker*, 255 AD2d 1006, 1006 [4th Dept 1998]), as did the alleged inconsistencies in the testimony of the correction officer who witnessed the incident (*see Matter of Headley v Annucci*, 150 AD3d 1513, 1514 [3d Dept 2017]; *see also Matter of Griffin v Goord*, 266 AD2d 830, 830 [4th Dept 1999]). Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.