Matter of Baxter v Annucci (2019 NY Slip Op 01897)





Matter of Baxter v Annucci


2019 NY Slip Op 01897


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


93 TP 18-01387

[*1]IN THE MATTER OF JASON BAXTER, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered August 2, 2018) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules, including inmate rule 100.10 (7 NYCRR 270.2 [B] [1] [i] [assault on an inmate]). Contrary to petitioner's contention, the misbehavior report and a videotape of the incident constitute substantial evidence to support the charges (see Matter of Rudolph v Annucci, 156 AD3d 1415, 1415 [4th Dept 2017]). Petitioner's denial of the reported misbehavior raised, at most, an issue of credibility for resolution by the Hearing Officer (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]). Contrary to petitioner's further contention, the charge of assault on an inmate is supported by substantial evidence despite the lack of evidence that another inmate was injured because that inmate rule is violated by, inter alia, an "attempt to inflict bodily harm upon any other inmate" (7 NYCRR 270.2 [B] [1] [i]; see Matter of Price v Goord, 308 AD2d 625, 626 [3d Dept 2003]).
We reject petitioner's contention that he was denied effective employee assistance inasmuch as any alleged defect in the assistance was cured by the actions of the Hearing Officer in ensuring that petitioner received the documents to which he was entitled (see Matter of Gray v Kirkpatrick, 59 AD3d 1092, 1092-1093 [4th Dept 2009]).
Finally, we reject petitioner's contention that he was denied his right to call an inmate witness to testify on his behalf. The inmate originally agreed to testify, but subsequently refused to do so at the time of the hearing. In an interview with the inmate, the Hearing Officer attempted, but failed, to obtain an explanation about his refusal to testify. " [W]hen the [H]earing [O]fficer conducts a personal interview but is unable to elicit a genuine reason from the refusing witness, the charged inmate's right to call witnesses will have been adequately protected' " (Matter of Yarborough v Annucci, 164 AD3d 1667, 1668 [4th Dept 2018]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court